United States Court of Appeals

Fifth Circuit

**F I L E D**

January 7, 2004

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 03-60325
Summary Calendar

---

LEE JACKSON,

Plaintiff-Appellant,

VERSUS

CITY OF CLARKSDALE, MISSISSIPPI,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Mississippi
m 2:02-CV-33-SAA

---

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

PER CURIAM:*

Lee Jackson sued his employer, the City of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clarksdale, Mississippi, for alleged violations of 42 U.S.C. § 1983 and title VII. The magistrate judge, sitting as the district court pursuant to consent of the parties, granted the city's motion for summary judgment.

The court found that Jackson had abandoned his § 1983 claim, and he does not contest that ruling on appeal. He now pursues only the claim of race discrimination. We affirm, essentially for the reasons given by the district

court in its thorough Memorandum Opinion and Order filed March 12, 2003.

Jackson's primary complaint is that he was punished for sexual harassment of a co-worker, but a white employee was not disciplined for an act of sexual harassment. As the district court explained, however, Jackson failed to establish a *prima facie* case of disparate treatment, because he and the white employee were not similarly situated.

In the case of the other worker, the City Board concluded the evidence was inadequate to support discipline; his lone accuser chose not even to testify. At Jackson's hearing, on the other hand, all the accusers restated their charges during 950 pages of testimony. As this court has explained, "the conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220-21 (5th Cir. 2001).

As the district court concluded, the City Board "was presented with one employee (Jackson) who had probably committed punishable acts of sexual harassment and another (Gilbert) who had not. It cannot be said, then, that the City Board disparately punished one man for wrongful conduct after declining to punish another whose conduct was nearly identical." Also as the district court observed, two of the four City Board members who voted to discipline Jackson were black.

The summary judgment is AFFIRMED.